**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RINCON DEL SOL, LLC | § | |
| | § | |
| VS. | § | |
| | § | |
| LLOYD'S OF LONDON, STEADFAST | § | |
| INSURANCE COMPANY, ESSEX INSURANCE | § | |
| COMPANY, AXIS SURPLUS INSURANCE | § | |
| COMPANY, CROUCH INSURANCE | § | CIVIL ACTION NO. 4:10-CV-00346 |
| CONSULTING, GREGORY CROUCH, YORK | § | |
| CLAIMS SERVICE, INC. D/B/A YORK SLA, | § | |
| MIKE CARPENTER D/B/A CARPENTER ASSET | § | |
| MANAGEMENT ASSOCIATES, LLC, MICHELLE | § | |
| WHITESIDE, INDIVIDUALLY, TRIMONT REAL | § | |
| ESTATE ADVISORS, BANK OF AMERICA | § | |
| CORPORATION, FANNIE MAE FOUNDATION, | § | |
| TRITEX REAL ESTATE ADVISORS, INC., AND | § | |
| FANNIE MAE | | |

**PLAINTIFF RINCON DEL SOL, LLC'S MOTION TO REMAND**

1.      Plaintiff files this motion to remand under 28 U.S.C. § 1447(c).

**A. INTRODUCTION**

2.      Plaintiff is Rincon Del Sol, LLC; defendants are Lloyd's of London, Steadfast Insurance Company, Essex Insurance Company, Axis Surplus Insurance Company, Crouch Insurance Consulting, Gregory Crouch, York Claims Service, Inc. d/b/a York SLA, Mike Carpenter d/b/a Carpenter Asset Management Associates, LLC, Michelle Whiteside, individually, Trimont Real Estate Advisors, Bank of America Corporation, Fannie Mae Foundation, Tritex Real Estate Advisors, Inc., and the Federal National Mortgage Association, "FNMA."

3.      On January 6, 2010, plaintiff sued defendants for breach of contract, fraud, and conversion in the 281st District Court of Harris County, Texas.

4.      Defendants Essex Insurance Company, York Claims Service, Crouch Insurance, Gregory Crouch, Mike Carpenter, Trimont Real Estate Advisors were served with the suit on January 13,

2010. Defendants Steadfast Insurance, Axis Surplus Insurance Company, and Michelle Whiteside were served with the suit on January 14, 2010. Defendant Lloyd's of London was served with suit on January 23, 2010. Defendants Bank of America and Tritex Real Estate Advisors, Inc. were served with suit on January 26, 2010. Defendant FNMA was served with suit on January 28, 2010.

5.     Removing defendants Steadfast Insurance Company, Essex Insurance Company, and Axis Surplus Insurance Company ("Excess Insurers") filed their notice of removal on February 8, 2010.

## B. Summary of Arguments

6.     Most defendants in this suit are either citizens of Texas, deemed by statute to be citizens of Texas, or do not hold citizenship in any state for the purpose of determining diversity jurisdiction. Defendants Carpenter and Crouch are domiciled in Texas and are non-diverse defendants, properly joined. Under 28 U.S.C. § 1332(c)(1), all liability insurance companies are deemed to be citizens of the same state as the Plaintiff, and the policy upon which this suit is based in part is a policy for liability insurance. FNMA is a federally chartered corporation, and as such, it does not have citizenship in any state for the purpose of determining diversity jurisdiction.

7.     Plaintiff objects to removal on the ground that all defendant insurers, FNMA, and Bank of America have contractually waived their rights to remove.

8.     Plaintiff objects to the removing defendants' addition of a jurisdictional allegation in their removal notice amendment asserting original jurisdiction under 12 U.S.C. § 1723a(a). Further, the cited subsection of Title 12 does not create original jurisdiction.

9.     Plaintiff's attorney fees, expenses, and costs should be taxed to the removing defendants.

## C. Arguments

### Crouch & Carpenter are Properly Joined

10.     The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. § 1446(a), 28 U.S.C. § 1447(c).

11.     In their Notice of Removal, defendants argue that Mike Carpenter, Gregory Crouch, and Crouch Insurance were improperly joined by the plaintiff, that the plaintiff asserted no cause of action against them, that the plaintiff has no reasonable expectation of recover from them, that being improperly joined, their citizenship is not considered for purposes of diversity, and that without their joinder there is a diversity of citizenship between the plaintiff and the remaining defendants justifying the removal of this suit to federal court.

12.     The court should remand this case to state court because the parties are not diverse. 28 U.S.C. § 1332(a); *see Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11ᵗʰ Cir. 2000). Defendants Gregory Crouch and Mike Carpenter are domiciled in Texas and as citizens of the forum state are properly sued in a court of that state. Further, this suit involves title to real property located in Texas. That the plaintiff is a citizen of California is of no consequence given that this suit will affect title to real property in Texas, and is therefore properly filed in Texas.

13.     Removing defendants have failed to establish that Plaintiff's joinder of Crouch or Carpenter was improper. In *Guillory v. PPG Industries, Inc.*, the Fifth Circuit Court wrote, "There are two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' The first— actual fraud—is not at issue in this case. With the second, we must determine 'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" The court continued, "The burden of proof is on the removing party. To determine the validity of an improper joinder claim, we 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.' In addition, we must resolve all ambiguities in the controlling state law in the plaintiff's favor. We do not determine

whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-9 (5th Cir. 2005) (citations omitted).

14.     By their arguments in the Notice of Removal, the removing defendants appear to have misread plaintiff's petitions, which do assert causes of action against defendants Carpenter and Crouch that are separate from those claims made against the other defendants but are related to the same series of transactions and rest on many of the same factual grounds. Both local defendants Carpenter and Crouch were properly joined, and this suit should be remanded to state court for the reasons explained below.

15.     This case should be remanded to state court because the plaintiff properly joined defendant Mike Carpenter, a local defendant. 28 U.S.C. § 1441(b). Plaintiff joined Carpenter because he breached the management contract executed between himself and plaintiff by failing to secure adequate insurance coverage for plaintiff's property.

16.     In paragraphs 4 and 26 of their Notice of Removal, defendants argue that the plaintiff failed to assert a cause of action against Carpenter, but under Texas law a cause of action may be presented within the facts alleged in the plaintiff's petition and inferred by the judge from those facts. *See, e.g., Troutman v. Traeco Bldg. Sys.*, 724 S.W.2d 385, 387 (Tex. 1987).

17.     In its original petition and subsequent amended petitions, the plaintiff expressly stated, "Plaintiff, Rincon del Sol, LLC, contracted with Defendant, Mike Carpenter of Carpenter Asset Management Associates LLC, to manage the properties located at 13919 Texarkana, Houston, TX 77015. Carpenter also had the duty to buy the proper and correct insurance to cover the property. At some point after, Defendant Mike Carpenter and Defendant Gregory Crouch, entered into a side agreement . . . to purchase insufficient insurance coverage. . . ." This passage from the plaintiff's petition, and quoted in paragraph 25 of the defendants' notice of removal, clearly expresses the

allegations that a contract existed between the plaintiff and Carpenter, that Carpenter had a duty under the contract, and that Carpenter breached the contract. Texas Rule of Civil Procedure 45(b) says in part, "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." The plaintiff's petition does identify a cause of action against Carpenter sufficient to give him fair notice of the plaintiff's claim and of the facts supporting the action, therefore defendants' assertions on this point are without merit.

18.      In paragraph 29 of the Notice of Removal, defendants state that "Plaintiff failed to expressly assert the breach of contract action against . . . Carpenter, and further failed to show any factual fit between their alleged conduct [and] liability for breach of the insurance policy," but it appears defendants have confused Plaintiff's claim against Carpenter with its claims against the defending insurance companies. The breach committed by Carpenter was of a different contract than that breached by the defending insurance companies, although it was of the same series of transactions, involved many of the same facts, and resulted in at least part of the same damages as the breach committed by the defending insurance companies. Under the Texas Rules of Civil Procedure multiple parties may be joined and sued on different claims as long as those claims arise from the same transaction, occurrence, or series of transactions or occurrences and have a common question of law or fact. TEX. R. CIV. P. 39(a), 40(a), 43, and 51(a).

19.      The Plaintiff's Original Petition, First Amended Petition, and Second Amended Petition do state a cause of action against Mike Carpenter in a manner allowed under the Texas Rules of Civil Procedure. The removing defendants having failed so show why the plaintiff may not reasonably expect recover from Mike Carpenter, a local defendant, this suit should be remanded to state court.

20.      This case should be remanded to state court because the plaintiff properly joined defendants Gregory Crouch and Crouch Insurance, local defendants. 28 U.S.C. § 1441(b). Plaintiff joined local

defendants Gregory Crouch and Crouch Insurance because the plaintiff is a beneficiary of the contractual arrangements between Crouch, his risk purchasing group called "Homeland Properties," owned and operated by Gregory Crouch, and several of the other named defendants who were obligated to provide insurance coverage for Plaintiff's property through Crouch's risk purchasing group. Gregory Crouch and Crouch Insurance are indispensible parties as the issue of whether the other defendants breached their respective contracts must depend in part on the arrangements made by Crouch through his risk purchasing group, "Homeland Properties."

21.    Based on the plaintiff's information and belief, its petitions assert that Defendant Gregory Crouch took an active part in the investigation of the plaintiff's insurance claim and, along with Defendant York, failed to correctly asses the physical damage done to the plaintiff's property by Hurricane Ike. Plaintiff has therefore asserted a basis for Crouch's liability as to the breach of the insuring contract and for his failure to settle an insurance claim in good faith.

22.    The facts asserted in Plaintiff's petition also create the possibility of recovery under provisions of the Texas Insurance Code applicable to risk purchasing groups and to agents violating the code. *See* Texas Insurance Code §§ 941.001, *et seq.* (particularly § 941.051(b) requiring Lloyd's Plans to have at least ten underwriters and § 941.101 requiring an attorney-in-fact for a Lloyd's Plan to be resident of and maintain an office in Texas); §§ 2201.001, *et seq.*, (particularly § 2201.251 requiring a risk purchasing group to have as one of its purposes the provision liability insurance to its members).

23.    Plaintiff's joinder of Mike Carpenter, Gregory Crouch, and Crouch Insurance, non-diverse defendants, was not a fraudulent or improper joinder. Defendants have not met their burden of proving that plaintiff has no possibility of recovering against the non-diverse defendants. Defendants have failed to show why the plaintiff may not reasonably expect recovery from Mike Carpenter for his breach of the management agreement under which he had the duty to obtain

adequate insurance for the plaintiff's property. Defendants have also failed to show why the plaintiff may not reasonably expect recovery from Gregory Crouch or Crouch Insurance for Crouch's failure to provide sufficient coverage through his risk purchasing group or his involvement in the investigation of the plaintiff's insurance claim and subsequent denial of payment, or for other causes of action that may be reasonably inferred from the facts stated in the plaintiff's petition. For these reasons this suit should be remanded to state court.

### Diversity Jurisdiction for Liability Insurers Preempted

24.     Removing defendants assert diversity jurisdiction under 28 U.S.C. § 1332 and § 1441. But 28 U.S.C. § 1332(c) reads in part, "For the purposes of this section and section 1441 of this title—(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . ."

25.     The insurance policy issued by Lloyd's Underwriters, being the underlying policy to which both Lloyd's Underwriters and the Excess Insurers are committed, includes the following statement as the first sentence of the second paragraph of the "INSURING CLAUSE" in Section 2, "This Policy additionally covers the interest of the Insured in, and legal liability for, real and personal property of others, including property for which the Insured is responsible to insure in the actual or constructive custody of the Insured." The insurance policy binding the insurers is therefore a "policy or contract of liability insurance," and by 28 U.S.C. § 1332(c)(1) the insurers are deemed to be citizens of the same state as the insured.

26.     Removing defendants have failed to establish complete diversity, and Plaintiff objects to removal on that ground. No diversity exists between the insurers and the plaintiff, and this case should be remanded to state court.

FNMA IS NOT A CITIZEN OF ANY STATE

27.     As a federally-chartered corporation FNMA is not considered to be a citizen of any state for the purpose of determining diversity jurisdiction. Compare FNMA's status with that of federal savings associations discussed in *Hukic v. Aurora Loan Services*:

> "[A] corporation chartered pursuant to an Act of Congress with activities in different states. . . was not a citizen of any state for diversity jurisdiction purposes. *Bankers' Trust Co. v. Texas & Pacific Ry. Co.,* 241 U.S. 295, 309-10, 36 S.Ct. 569, 60 L.Ed. 1010 (1916). In 1958, Congress enacted a provision now codified at 28 U.S.C. § 1332(c)(1) that made a corporation a citizen of the states of its incorporation and the location of its principal place of business. This provision meant that local companies could no longer bring suit in federal court on the basis of a corporate charter that had been obtained in another state. *See A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.,* 62 F.3d 1454, 1458 (D.C.Cir.1995).
>
> With *Bankers' Trust* in the background, many courts concluded that 28 U.S.C. § 1332(c)(1) applied only to state corporations and not to federally chartered corporations or associations. The result for these courts was that, unless a specific statutory provision dictated otherwise, a federally chartered savings association was not a citizen of any state, meaning it was not eligible for diversity jurisdiction; courts sometimes recognized an exception if activities were localized in one state. *See, e.g., Loyola Fed. Sav. Bank v. Fickling,* 58 F.3d 603, 606 (11th Cir.1995); *Provident Nat'l Bank of Cal. Federal Savs. & Loan Ass'n,* 624 F.Supp. 858, 861 (E.D.Pa.1985), *aff'd,* 819 F.2d

434 (3d Cir.1987); *see also Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union,* 272 F.2d 453, 455-56 (3d Cir.1959) (discussing localization exception in case not governed by § 1332(c)).

Congress has now stepped in. After this case had been removed to federal court, Congress added a provision to the United States Code that states:

In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office. 12 U.S.C. § 1464(x)."

*Hukic v. Aurora Loan Services,* 588 F.3d 420 (7th Cir. 2009).

28.     No such statutory provision has been created in respect to FNMA, therefore, as a federally chartered corporation, FNMA is not a citizen of any state for the purpose of determining diversity jurisdiction.

29.     In a footnote to *Federal National Mortgage Association v. LeCrone,* the 6th Circuit Court said that FNMA is a " '[g]overnment-sponsored private corporation,' regulated by the Secretary [of HUD with] a status analogous to that of the Federal land banks and the Federal home loan banks.' H.R.Rep. No. 1585, 90th Cong., 2d Sess. (1968), reprinted in [1968] U.S.Code Cong. & Admin.News 2873, 2943-44. A federally chartered corporation with more than 50% of its stock in non-government hands operating among several states 'has no state citizenship for jurisdictional purposes.' 13B Federal Practice and Procedure, Sec. 3627 at 660. We express doubt whether FNMA can sue or be sued on the basis of diversity jurisdiction. *See Hancock Fin. Corp. v. Federal Savs. & Loan Ins. Corp.,* 492 F.2d 1325, 1329 (9th Cir.1974). *But cf. Northrip v. Federal Nat'l Mortgage Ass'n,* 527 F.2d 23, 24 (6th Cir.1975)." *Fed. Nat'l Mortgage Ass'n v. LeCrone,* 868 F.2d 190, 194, n.5 (6th Cir. 1989).

30.     Plaintiff objects to removal on the ground of any diversity of citizenship claimed by FNMA.

### Waiver of Removal by FNMA & Bank of America

31.     Removal is waived by FNMA and Bank of America as assignees of the loan document originated by LaSalle Bank. Parties may waive removal rights by contract. *See*, *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345-46 (10th Cir. 1992) and *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199, 1204-06 (5th Cir. 1991).

32.     The loan made by LaSalle Bank National Association to Plaintiff in January 2008 was formalized on a loan form titled "Fannie Mae Multifamily Security Instrument – Texas," (attached to Plaintiff's Original Petition), and clause number 30, found on page 33 of that document, reads as follows: "**30. GOVERNING LAW; CONSENT TO JURISDICTION AND VENUE.** (a) This Instrument, and any Loan Document which does not itself expressly identify the law that is to apply to it, shall be governed by the laws of the jurisdiction in which the Land is located (the "**Property Jurisdiction**"). (b) Borrower agrees that any controversy arising under or in relation to the Note, this Instrument, or any other Loan Document shall be litigated exclusively in the Property Jurisdiction. The state and federal courts and authorities with jurisdiction in the Property Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to the Note, any security for the Indebtedness, or any other Loan Document. Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise."

33.     By declaring Texas to be the "exclusive" jurisdiction, LaSalle Bank waived its right to remove this case from a Texas state court. While the clause quoted above does mention federal courts, it does so in a manner not to assert the lender's right to be sued in federal court, but only to say that a suit between the parties may be brought in a federal court provided that court is located in Texas and has jurisdiction for a reason other than diversity.

34.     LaSalle Bank would have no right to remove this case to federal court.

35.     For a party such as LaSalle Bank, whose headquarters and principal place of business were located outside of Texas, to make a contract with a party such as the plaintiff, a citizen of California, stipulating that any controversy between them must be tried in Texas would be meaningless if that first party intended to assert diversity jurisdiction when a controversy arose.

36.     Had the originator of the loan intended for clause 30 to mean anything other than a waiver of removal, it could have said so in much simpler and more direct language. For example, had LaSalle Bank meant to make only a choice of law, clause 30 could read, "Any controversy arising under this contract shall be governed by the laws of Texas," nothing more being needed to express that idea or to bind the parties to it. As written, part (a) of clause 30 is sufficient as a choice of law designation. If only a choice of law designation was intended by LaSalle Bank, then part (b) of that clause is not only superfluous, it creates a great deal of ambiguity.

37.     When Bank of America acquired LaSalle Bank, Bank of America became bound to the plaintiff by the terms of the loan contract originated by LaSalle. Likewise, when FNMA accepted assignment of LaSalle's rights under the contract and Deed of Trust, FNMA became bound by the terms of that contract, and FNMA can hardly deny the terms of the loan contract when that instrument is itself a FNMA form, being "Form 4044," copyright "1997-2001 Fannie Mae," as printed in the footer of that document's every page.

38.     FNMA and Bank of America have therefore waived their rights to remove this suit to federal court, and moreover, have bound themselves to be sued in a court "with jurisdiction" located in Texas, thereby negating their consent to removal and preventing any other party from removing for diversity. This case should be remanded to state court.

39.     Below Plaintiff addresses the removing defendants' argument that this court holds original jurisdiction to hear any case to which FNMA is a party, but FNMA cannot, on accepting assignment of a contract, add terms to that contract without the consent of the other party to the contract. By

accepting assignment of the loan contract, FNMA succeeded to only those rights held by LaSalle Bank in that contract. Since LaSalle Bank would have had no right to remove based on original jurisdiction, its successor in interest, FNMA, can have no such right.

WAIVER OF REMOVAL BY ESSEX, AXIS, STEADFAST, & LLOYD'S

40.    All parties bound to the plaintiff by the insurance policy, attached to Plaintiff's Original Petition, have waived their rights to remove this suit by the terms and ambiguities of part thirteen, "Service of Suit," found on page 12 of that insurance policy, saying, in part, "It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriters' right to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States."

41.    While a waiver of rights should be found only where it is clear and unequivocal, any ambiguity found in an adhesion contract should be read against its author and in favor of the other party. In the passage quoted above, the insurers flatly state they "will submit to the jurisdiction of a Court of competent jurisdiction," then just as flatly reverse that statement by asserting rights to every means of avoiding such submission, except perhaps defaulting or fleeing the jurisdiction.

42.    The first paragraph of the insurance policy's part thirteen says, "This Service of Suit clause will not be read to conflict with or override the obligations of the parties to arbitrate their disputes as provided for in the Arbitration provision within this Policy. This clause is intended as an aid to compelling arbitration or enforcing such arbitration or arbitral award, not as an alternative to such Arbitration provision for resolving disputes arising out of this Insurance."

43.     That referenced arbitration clause is found in part twelve of the policy and requires the parties to submit to arbitration if they "fail to agree in whole or in part regarding any aspect of this Policy."

44.     Neither part twelve nor part thirteen limit the right of the insured to sue the insurers in a state court. Nor do these parts limit or release the insurers from their obligation to "submit to the jurisdiction of a Court of competent jurisdiction," "at the request of the Insured."

45.     The plain language of parts twelve and thirteen indicate that the parties agree to arbitration when they do not agree on "any aspect of this Policy," but that in the event the underwriters fail to pay any amount claimed under the policy, the underwriters will submit to suit in a court of competent jurisdiction at the request of the insured.

46.     [To avoid unnecessary argument on this point, the plaintiff does hereby so request that the insurers and underwriters submit to the jurisdiction of the 281st District Court of Harris County, Texas].

47.     The cause for Plaintiff's breach of contract action against the insurance company defendants is their failure to pay for the plaintiff's loss according to the terms of their insurance policy. Plaintiff's suit in state court is not to resolve a disagreement over the terms of the policy but is instead meant to enforce that policy by demanding payment. This being the very reason for which the insurers agreed to submit to suit in a court of competent jurisdiction.

48.     The plaintiff, as an insured of that policy issued by the defendant insurance companies, has brought suit in the 281st District Court of Harris County, Texas, a court of competent jurisdiction, for the breach of contract committed by the defendant insurance companies when those companies failed to pay an amount claimed by the plaintiff under the said policy. Therefore, reading all ambiguities in favor of the insured and against the insurance companies that authored the policy, the

defendant insurance companies have agreed to suit in state court and waived their right to removal. This case should be remanded to state court.

49.     Additionally, the plaintiff has not yet been able to ascertain whether the Lloyd's Underwriters or the Excess Insurers have appointed a local attorney-in-fact through whom to conduct their insurance businesses in Texas. If such attorney-in-fact has been appointed, then under the Texas Insurance Code that attorney-in-fact must be a resident of Texas and maintain his principle place of business in Texas, and insurers may be liable in suits filed against their attorney-in-fact, who would not be eligible to assert diversity jurisdiction. *See* Texas Insurance Code §§ 941.052 and 941.101

### Misnomer of Fannie Mae

50.     Plaintiff objects to removal because the removing defendants did not obtain written consent of all served defendants before removing the case. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); and *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). After repeated assertions that Fannie Mae no longer exists, the removing defendants state in paragraph 6 of their Notice of Removal, "Nonetheless, to the extent its consent is required, Fannie Mae consents to removal."

51.     Plaintiff's first amended petition, filed on January 19, 2010, did incorrectly name the Fannie Mae Foundation as a defendant instead of the Federal National Mortgage Association, but this error was an obvious misnomer and was shortly corrected in the plaintiff's second amended petition, filed on January 28, 2010 and served on the proper FNMA entity that same day.

52.     While plaintiff's counsel regrets his drafting error, such an error on the part of the plaintiff does not relieve the removing defendants of their responsibility to have obtained the written consent of all served defendants before their removal on February 8, 2010. This court should not allow defendants to obtain removal with an impossible assertion of having obtained consent from an

entity that no longer exists and without the written consent of FNMA. (Plaintiff acknowledges that consent has been obtained from the correct FNMA entity as stated in the defendants' "Supplemental Notice of Removal," although Plaintiff argues below that FNMA's consent is invalid, its having been waived by contract and preempted by statute).

## OBJECTION TO AMENDED REMOVAL NOTICE

53.     Removing defendants included an "Additional Basis for Jurisdiction: Federal Question" in paragraph 10 of their "Supplemental Notice of Removal" asserting that this court has original jurisdiction under 12 U.S.C. § 1723a(a). While removal notices may be amended, such amendments may not add missing allegations of jurisdiction. *See Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co., 5 F.3d 963* (6th Cir. 1993). Removing defendants state in paragraph 11 of their "Supplemental Notice of Removal" that they filed the supplement pursuant to Local Rule 81. Neither the Federal Rule of Civil Procedure 81 nor the Southern District's Local Rule 81 mention "supplemental" notices or make an exception for adding jurisdictional allegations by supplemental notice.

54.     Plaintiff objects to the "Supplemental Notice" as being an amended notice asserting a jurisdictional allegation missing from the Notice of Removal.

## NO ORIGINAL JURISDICTION UNDER 12 U.S.C. § 1723a(a)

55.     Removing defendants assert that this federal court has original jurisdiction under 12 U.S.C. § 1723a(a) and this case may be removed to this court pursuant to 28 U.S.C. §§ 1331 and 1441.

56.     In Excess Insurers' "Supplemental Notice of Removal," defendants assert that pursuant to 28 U.S.C. § 1441 this court has "original jurisdiction over the subject matter under 28 U.S.C. § 1331" and "removal is proper because a federal question exists as Fannie Mae is a defendant" (citing 12 U.S.C. § 1723a(a); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust Fund v. Raines*, 534 F.3d 779, 784-88 (D.C. Cir. 2008) and *C. C. Port, Ltd. v. Davis-Penn Mort. Co.*, 61 F.3d 288, 289 (5th Cir. 1995)).

57.     Whether this court has original jurisdiction, as opposed to appellate jurisdiction, is not at issue. Whether this court holds subject-matter jurisdiction under the provisions cited is highly doubtful.

58.     The case brought by Plaintiff is restricted to state law causes of action and raises no federal questions in its petition. The only federal question that raised by the defendants on whether removal is proper merely because FNMA is a defendant. Once this court determines whether 12 U.S.C. § 1723a(a) conveys subject-matter jurisdiction to federal courts, there are no other federal questions left to be determined. If 12 U.S.C. § 1723a(a) is to be read as creating subject-matter jurisdiction, then federal district courts will be saddled with presiding over cases, such as the present case, in which only state law claims are made against FNMA.

59.     The "sue and to be sued" clause in § 1723a(a) cannot, standing alone, establish original jurisdiction. Any jurisdiction of a federal court must derive from Art. III. The relevant part of Art. III, Section 2, provides that the judicial power of federal courts shall extend "to Controversies to which the United States shall be a Party." Based on this clause the Supreme Court in *Osborn* found original jurisdiction for cases to which a federally chartered corporation was a party. *Osborn v. President, Directors and Co. of the Bank of the United States*, 22 U.S. 738 (1824). To restrict the number of suits filed in federal courts against federally chartered corporations Congress enacted 28 U.S.C. § 1349 denying original jurisdiction in cases to which a federally created corporation was a party unless the United States owned a majority of that corporation's capital stock. *Pirelli Armstrong Tire Corp. Retir. Med. v. Raines*, 534 F.3d 779, 795-800 (D.C. Cir. 2008) (Judge Brown concurring).

60.     For § 1723a(a) is to be read as giving this court original jurisdiction, then this court must find that subsection's "sue and to be sued" clause as impliedly negating the effect of § 1349 as to FNMA. The ground for any argument in favor of original jurisdiction through § 1723a(a) is that FNMA was

incorporated by an act of Congress and is a federal agency under the rule established in *Osborn* extending Art. III judicial powers to suits to which such corporations are parties.

61.     In spite of recent purchases of FNMA stock and the confused reports in the media about the purchase, the United States remains only a minority shareholder in FNMA. The United States Treasury has purchased one million shares of senior preferred stock and holds a warrant to purchase an amount of newly issued common stock equal to 79.9% of FNMA's outstanding common stock. That warrant has not yet been exercised by the Treasury, and if or when it is exercised, the Treasury will still not hold a majority of FNMA capital stock. *See* SEC, Comm. File No.: 0-50231 (FNMA's 10-K filing for fiscal year ending Dec. 31, 2009, available at http://www.sec.gov/Archives/edgar/data/310522/000095012310018235/w77413e10vk.htm#130).

62.     28 U.S.C. § 1349 applies to FNMA and preempts this court from holding original jurisdiction in this case.

CONTRADICTION WITHIN 1723a

63.     § 1723a(e) authorizes FNMA to seek injunctions in any court of "general jurisdiction." Federal courts do not have general jurisdiction. *See Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986). This must mean that when suing to enjoin another party under subsection (e) FNMA is limited to state courts. This limitation is inconsistent with a reading of § 1723a(a) that gives federal district courts original jurisdiction. Further, if federal courts did hold original jurisdiction under subsection (a), it would create a means by which a defendant could avoid any injunction sought by FNMA. In a case where a business violated § 1723a(e) and FNMA sought an injunction through a state court of general jurisdiction, the defendant could defeat the action by removing the case to a federal court lacking the general jurisdiction necessary to issue the injunction. To read subsections (e) and (a) otherwise necessitates a recognition that (a) does not grant subject-matter jurisdiction to federal district courts, that is, the phrase "in any court of competent jurisdiction" must limit removal

to only those federal courts that have subject-matter jurisdiction established through another law. §
1723a(a) is not an all-inclusive grant of original jurisdiction to federal courts. It is only a grant of
corporate capacity to take or answer legal actions in courts that have the jurisdiction to hear the
actions.

### State courts & Federal Appellate courts

64.     If § 1723a(a) is to be read as giving original jurisdiction to federal courts, then there is no
reason such original jurisdiction should be limited to district courts. The same language could be as
easily read to give original jurisdiction to federal appellate courts. The *Pirelli* court reasoned that "of
competent jurisdiction" applied only to state courts, therefore, by that same line of thought, federal
appellate courts must hold original jurisdiction FNMA cases.

65.     Likewise, § 1723a(a) could be read as giving original jurisdiction to state courts, only
Congress has no power to make such a grant of judicial power because the judicial power of state
courts derive from their respective state constitutions and not from Congress. This indicates that §
1723a(a) should not be read as a grant of original jurisdiction to state courts, and if not to state
courts, then it would be senseless to read exactly the same language as a grant of original jurisdiction
to federal courts. Because the words "State or Federal" are combined in one conjunctive phrase,
with no distinction between them or between federal district and federal appellate courts, any
constructive reading of this section finding original jurisdiction must find that such jurisdiction is
given to all state courts and all federal courts alike.

### Textualism

### (or English Composition and Rhetoric 101, Revisited)

66.     The *Pirelli* court's interpretation of § 1723a(a) defies the rules of English grammar and
syntax. That court, and the district courts that have found original jurisdiction in § 1723a(a), read the

phrase "in any court of competent jurisdiction" as modifying the conjunctive phrase that follows it, "State or Federal." That this is an error is easily demonstrated:

67.     For the first phrase, "in any court of competent jurisdiction", to modify the second phrase, "State or Federal", the first phrase must be subordinate to the second, and if so, then the deletion of that first phrase should leave a meaningful and correct sentence. Without the first phrase the sentence would say, FNMA has the power "in its corporate name, to sue and to be sued, and to complain and to defend, State or Federal." Obviously, this deletion leaves "State or Federal" without any discernable meaning.

68.     On the other hand, deleting the second phrase but not the first leaves a sensible sentence saying, FNMA has the power "in its corporate name, to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction." This proves that "State or Federal" is a subordinate phrase to "in any court of competent jurisdiction", and is present in the sentence to modify that preceding phrase. "State or Federal" explains that "any court of competent jurisdiction" may be a state court or a federal court, that neither state nor federal courts have exclusive jurisdiction.

## Purpose of the 1954 Amendment

69.     *Pirelli* argues that one reason for the 1954 amendment's inclusion of the phrase "of competent jurisdiction" is that the parties to a suit must still show that the court has personal jurisdiction over the parties. *Pirelli* at 785. Then three paragraphs later, the court quotes the original 1934 statute that read, "sue and be sued, complain and defend, in any court of law or equity, State or Federal." *Id.* at 786. If the *Pirelli* court is correct, then under the 1934 statute there was no personal jurisdiction requirement in any suit brought against FNMA in any state or federal court. On the other hand, if in suits brought by or against FNMA before the 1954 amendment, courts were required to have personal jurisdiction over the parties, then establishing this requirement could not have been the purpose of the 1954 amendment.

70.    Additionally, neither the Supreme Court in *Red Cross* nor the D. C. Circuit Court in *Pirelli* explain why the original jurisdiction they found to have been created by 36 U.S.C. § 2 and 12 U.S.C. § 1723a(a), respectively, created subject-matter jurisdiction instead of personal jurisdiction. In neither case was the Red Cross or FNMA the subject-matter of litigation. They were parties in the suits cited. It would seem that if their chartering statutes gave federal courts jurisdiction to hear cases in which either of those entities were a party, then that jurisdiction would be over the parties and not over the cause of action. If the "sue and to be sued" phrase of § 1723a(a) is to be read as having any effect on a court's jurisdiction, it should be that of waiving any right to removal on the ground of party diversity. If any state or federal court may hear a case in which FNMA is a party, then any court must has personal jurisdiction over FNMA.

71.    "Original jurisdiction" is not synonymous with "subject-matter jurisdiction," though, admittedly, many courts have used these two terms as if they were synonymous but without explaining their reasons for doing so. Original jurisdiction is the power of a court to hear a case in the first instance, as opposed to having only appellate jurisdiction. *See* BLACK'S LAW DICTIONARY 1099 (6th ed. 1990) Subject-matter jurisdiction is the "power to hear and determine cases of the general class or category to which proceedings in question belong; the power to deal with the general subject involved in the action." BLACK'S LAW DICTIONARY 1425 (6th ed. 1990). And personal jurisdiction is the "power of a court over the person of a defendant in contrast to the jurisdiction of a court over a defendant's property or his interest therein." BLACK'S LAW DICTIONARY 1144 (6th ed. 1990). The *Pirelli* court attempted to distinguish the original jurisdiction it found in § 1723a(a) from personal jurisdiction that it said must still be established, but the *Pirelli* court gave no justification for its equating original jurisdiction with subject-matter jurisdiction.

72.    Seeing § 1723a(a) as giving all federal and state courts personal jurisdiction over FNMA, but limiting any court's exercise of power over FNMA to those cases in which the court has the

appropriate subject-matter jurisdiction, is a far more sensible reading of § 1723a(a) than that offered by the *Pirelli* court. The reading urged here by the plaintiff finds meaning in each word of subsection (a), and  it is consistent with the rest of the section and with other federal statutes, such as 28 U.S.C. § 1349.

## REMOVAL WHERE CASE COULD NOT BE BROUGHT

73.     Federal courts do not have the subject-matter jurisdiction to hear state law claims in the absence of a federal question or diversity of the parties. But if federal district courts are to have original jurisdiction over any case to which FNMA is a party, then future plaintiffs can bring all of their state law claims against FNMA in federal courts regardless of whether they raise federal questions or have diversity of parties.

74.     The only reading of § 1723a(a) that can avoid this result is one which sees the phrase "court of competent jurisdiction" as meaning that to hear a case with FNMA as a party, federal courts must have subject-matter jurisdiction established by some other law.

75.     Plaintiff urges the court to review Justice Scalia's dissent in Red Cross, Judge Brown's concurring opinion in Pirelli, and the reasoning behind the decisions of those courts that have refused to find original jurisdiction in § 1723a(a) or diversity jurisdiction for FNMA: *Knuckles v. RBMG, Inc.,* 481 F.Supp.2d 559 (S.D. W.Va. 2007); *Federal Nat'l Mortgage Ass'n v. Sealed*, 457 F.Supp.2d 41 (D. D.C. 2006); *Fed. Nat'l Mortgage Ass'n v. LeCrone*, 868 F.2d 190 (6th Cir. 1989);

76.     Plaintiff objects to removal on the ground that this court does not have the subject-matter jurisdiction to hear this case and moves this honorable court to remand the present suit to the 281st District Court of Harris County, Texas.

## C. CONCLUSION

77.     Plaintiff having properly plead its case in state court and properly joined local defendants from whom it may reasonably expect recovery, and Defendants having failed to carry their burden

of proving that the plaintiff has no possibility of recovering against the non-diverse defendants, and certain otherwise diverse defendants having contractually waived the right to remove for diversity or being preempted by federal statute from removing for diversity, and having failed to establish this court's subject-matter jurisdiction, plaintiff asks this honorable court to grant the motion to remand, remand this suit to the state court where it was originally filed, and award plaintiff its court costs, expenses, and attorney fees.

Respectfully submitted,

Law Offices of Frederick L. McGuire

Frederick L. McGuire, ATTORNEY-IN-CHARGE
State Bar No. 24001190
Southern District of Texas Bar No. 22583
Colleen M. McClure, OF COUNSEL
State Bar No. 24012121
714 Main Street
Liberty, Texas 77575
Telephone: (936) 336-9808
Facsimile: (936) 336-9829

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March __7__, 2010 I electronically filed the above and foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means.

Anthony Parsons
Zelle Hofmann Voelbel & Mason LLP
901 Main St, Suite 4000
Dallas, TX 75202
Facsimile: (214) 760-8994

Yasmin Atasi
Winstead PC
1100 JP Morgan Chase Tower
600 Travis St
Houston, TX 77002
Facsimile: (713) 650-2400

Eric Pinker
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Facsimile: (214) 981-3839

Anthony Icenogle
Icenogle & Sullivan, LLP
6805 Capitol of Texas Highway North, Suite 220
Austin, TX 78731
Facsimile: (512) 342-9555

Mike Carpenter, Pro Se Defendant
Carpenter Asset Management Associates
1754 Ojeman
Houston, TX 77055
Facsimile: (713) 984-8180

Frederick L. McGuire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RINCON DEL SOL, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| LLOYD'S OF LONDON, STEADFAST | § | |
| INSURANCE COMPANY, | § | |
| ESSEX INSURANCE COMPANY, AXIS | § | |
| SURPLUS INSURANCE COMPANY, | § | |
| CROUCH INSURANCE CONSULTING, | § | CIVIL ACTION NO. 4:10-CV-00346 |
| GREGORY CROUCH, YORK CLAIMS | § | |
| SERVICE, INC. d/b/a YORK SLA, MIKE | § | |
| CARPENTER d/b/a CARPENTER ASSET | § | |
| MANAGEMENT ASSOCIATES LLC, | § | |
| MICHELE WHITESIDE, Individually, | § | |
| TRIMONT REAL ESTATE ADVISORS, | § | |
| BANK OF AMERICA CORPORATION, | § | |
| FANNIE MAE FOUNDATION, and | § | |
| TRITEX REAL ESTATE ADVISORS | § | |
| | § | |
| Defendants | § | |

## ORDER

On this the ____ day of March, 2010 came on to be heard Plaintiff Rincon del Sol, LLC's Motion to Remand Civil Action No. 4:10-cv-00346 back to State District Court in Harris County, Texas and such is hereby: GRANTED.

It is hereby ORDERED that Civil Action 4:10-cv-00346 is hereby remanded to the State Court from whence it was removed, being Cause No. 201000872 in the 281st Judicial District of Harris County, Texas.

Signed on this the _____ day of March, 2010.

_____
United States District Judge
Presiding